UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

APRIL WILLIGE,

        Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC

    SERVE:    Corporation Service Company
                   11 South 12th Street
                   Richmond, VA 23219

CIVIL NO. 3:11CV386

EXPERIAN INFORMATION SOLUTIONS, INC.

    SERVE:    David N. Anthony
                   Troutman Sanders, LP
                   Troutman Sanders Building
                   1001 Haxall Point
                   Richmond, VA 23219

TRANS UNION, LLC

    SERVE:    Corporation Service Company
                   11 South 12th Street
                   Richmond, VA 23219

        Defendants.

## COMPLAINT

COMES NOW the Plaintiff, April Willige (hereafter, "Willige" or "Plaintiff"), by counsel, and as for her Complaint against the Defendants, she alleges as follows:

### PRELIMINARY STATEMENT

1.     This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. (the Fair Credit Reporting Act or "FCRA").

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

## PARTIES

3. The Plaintiff is a natural person and a "consumer" as defined by the FCRA.

4. Defendant Equifax Information Services, LLC ("Equifax") is a foreign corporation doing business in Virginia. At all times relevant hereto, it was a "credit reporting agency" as defined by the FCRA.

5. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation doing business in Virginia. At all times relevant hereto, it was a "credit reporting agency" as defined by the FCRA.

6. Defendant Trans Union, LLC ("Trans Union") is a foreign corporation doing business in Virginia. At all times relevant hereto, it was a "credit reporting agency" as defined by the FCRA.

## STATEMENT OF FACTS

7. In or around December 2008, Plaintiff obtained an auto loan from First Fidelity (hereafter, "the account").

8. In May 2010, the car that was the subject of the account was damaged in a hailstorm and was determined by Plaintiff's insurance company to be a total loss.

9. Plaintiff contacted First Fidelity on numerous occasions after the date of her loss in order to discuss settlement of the account, and specifically, her obligation to continue repayment during such time as the insurance payments were processed. First Fidelity

2

made several representations to Plaintiff, including, but not limited to:

   a. that it had modified the terms of its contract with her with respect to her obligation to make payments on a date certain, given the circumstances;
   b. that she should not make a payment on the account until First Fidelity had received all insurance payments;
   c. that First Fidelity had received a letter of guarantee from Plaintiff's insurance company;
   d. that First Fidelity had already start receiving payments from the insurance company for the account; and
   e. that no late payments would appear on Plaintiff's credit report.

10. Plaintiff expressed multiple times to First Fidelity that she valued her credit standing and had the funds available to continue paying the account.

11. First Fidelity insisted that no further payment was required until it had received all payments from the insurance company.

12. In reliance upon First Fidelity's representations that she should not make any further payments until it had received all insurance disbursements, Plaintiff stopped making payments on the account.

13. Plaintiff checked her credit report published by Defendants Equifax, Trans Union, and Experian in September 2010. As of that date, all three Defendants reported her account with First Fidelity as showing a payment more than 30 days overdue.

14. Plaintiff contacted First Fidelity about the incorrect information on her credit report. First Fidelity provided Plaintiff with a clear, unambiguous letter dated October 13, 2010 stating that her account was in good standing, and she never had a late payment.

15. Thereafter, Plaintiff sent multiple dispute letters to Defendants Equifax, Trans Union, and Experian.

16. Plaintiff sent a copy of the letter from First Fidelity indicating that she had satisfied the terms of her contract to each of the Defendants.

17. Upon information and belief, in response to Plaintiff's disputes, Defendants Equifax, Trans Union, and Experian ignored the "proof document" that Plaintiff sent them.

18. Instead, either internally or through their outsource vendors in the Philippines, Costa Rica, and/or India, the Defendants merely transmitted a two-digit "dispute code" in an electronic ACDV to Defendant First Fidelity regarding the account in each instance.

19. Defendants Equifax, Trans Union, and Experian failed to forward all relevant information in Plaintiff's dispute letters to First Fidelity.

20. In all regards, Defendants Equifax, Trans Union, and Experian failed to perform a meaningful and searching inquiry into the substance of Plaintiff's disputes, causing significant damages to the Plaintiff.

## COUNT ONE:
## FIRST CLAIM FOR RELIEF AGAINST EQUIFAX
### (Violation of 15 U.S.C. § 1681e(b))

21. Plaintiff realleges and reincorporates paragraphs 1-21 above as if fully set out herein.

22. Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to ensure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

23. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

24. Defendant Equifax's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

25. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT TWO:
## SECOND CLAIM FOR RELIEF AGAINST EQUIFAX
(Violation of 15 U.S.C. § 1681i(a)(1))

26. Plaintiff realleges and reincorporates paragraphs 1-26 above as if fully set out herein.

27. Defendant Equifax violated 15 U.S.C § 1681i(a)(1) by its conduct which includes, but is not limited to, failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to subsequently delete the information from the file.

28. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

29. Defendant Equifax's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

30. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and her

attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT THREE:
## THIRD CLAIM FOR RELIEF AGAINST EQUIFAX
### (Violation of 15 U.S.C. § 1681i(a)(2))

31. Plaintiff realleges and reincorporates paragraphs 1-31 above as if fully set out herein.

32. Defendant Equifax violated 15 U.S.C § 1681i(a)(2) by its conduct which includes, but is not limited to, failing to send to the furnisher all relevant information that it received in Plaintiff's dispute letters.

33. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

34. Defendant Equifax's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

35. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT FOUR:
## FOURTH CLAIM FOR RELIEF AGAINST EQUIFAX
### (Violation of 15 U.S.C. § 1681i(a)(4))

36. Plaintiff realleges and reincorporates paragraphs 1-36 above as if fully set out herein.

37. Defendant Equifax violated 15 U.S.C § 1681i(a)(4) by its conduct which includes, but is not limited to, failing to review and consider all relevant information that it received in Plaintiff's communications.

38. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

39. Defendant Equifax's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

40. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT FIVE:
## FIFTH CLAIM FOR RELIEF AGAINST EQUIFAX
### (Violation of 15 U.S.C. § 1681i(a)(5))

41. Plaintiff realleges and reincorporates paragraphs 1-41 above as if fully set out herein.

42. Defendant Equifax violated 15 U.S.C § 1681i(a)(5) by its conduct which includes, but is not limited to, failing to delete any information that was the subject of Plaintiff's disputes and that was inaccurate or could not be verified.

43. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

44. Defendant Equifax's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

45. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT SIX:
## FIRST CLAIM FOR RELIEF AGAINST EXPERIAN
### (Violation of 15 U.S.C. § 1681e(b))

46. Plaintiff realleges and reincorporates paragraphs 1-46 above as if fully set out herein.

47. Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to ensure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

48. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

49. Defendant Experian's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

50. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorney's fees from Experian in an amount to be determined by the Court pursuant to 15

U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT SEVEN:
## SECOND CLAIM FOR RELIEF AGAINST EXPERIAN
### (Violation of 15 U.S.C. § 1681i(a)(1))

51. Plaintiff realleges and reincorporates paragraphs 1-51 above as if fully set out herein.

52. Defendant Experian violated 15 U.S.C § 1681i(a)(1) by its conduct which includes, but is not limited to, failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to subsequently delete the information from the file.

53. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

54. Defendant Experian's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

55. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT EIGHT:
## THIRD CLAIM FOR RELIEF AGAINST EXPERIAN
### (Violation of 15 U.S.C. § 1681i(a)(2))

56. Plaintiff realleges and reincorporates paragraphs 1-56 above as if fully set out herein.

57. Defendant Experian violated 15 U.S.C § 1681i(a)(2) by its conduct which includes, but is not limited to, failing to send to the furnisher all relevant information that it received in Plaintiff's dispute letters.

58. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

59. Defendant Experian's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

60. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT NINE:
## FOURTH CLAIM FOR RELIEF AGAINST EXPERIAN
### (Violation of 15 U.S.C. § 1681i(a)(4))

61. Plaintiff realleges and reincorporates paragraphs 1-61 above as if fully set out herein.

62. Defendant Experian violated 15 U.S.C § 1681i(a)(4) by its conduct which includes, but is not limited to, failing to review and consider all relevant information that it received in Plaintiff's communications.

63. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

64. Defendant Experian's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

65. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT TEN:
## FIFTH CLAIM FOR RELIEF AGAINST EXPERIAN
## (Violation of 15 U.S.C. § 1681i(a)(5))

66. Plaintiff realleges and reincorporates paragraphs 1-66 above as if fully set out herein.

67. Defendant Experian violated 15 U.S.C § 1681i(a)(5) by its conduct which includes, but is not limited to, failing to delete any information that was the subject of Plaintiff's disputes and that was inaccurate or could not be verified.

68. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

69. Defendant Experian's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

70. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorney's fees from Experian in an amount to be determined by the Court pursuant to 15

U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT ELEVEN:
## FIRST CLAIM FOR RELIEF AGAINST TRANS UNION
### (Violation of 15 U.S.C. § 1681e(b))

71. Plaintiff realleges and reincorporates paragraphs 1-71 above as if fully set out herein.

72. Defendant Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to ensure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

73. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

74. Defendant Trans Union's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

75. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT TWELVE:
## SECOND CLAIM FOR RELIEF AGAINST TRANS UNION
### (Violation of 15 U.S.C. § 1681i(a)(1))

76. Plaintiff realleges and reincorporates paragraphs 1-76 above as if fully set out herein.

77. Defendant Trans Union violated 15 U.S.C § 1681i(a)(1) by its conduct which includes,

      but is not limited to, failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to subsequently delete the information from the file.

78. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

79. Defendant Trans Union's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

80. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT THIRTEEN:
## THIRD CLAIM FOR RELIEF AGAINST TRANS UNION
### (Violation of 15 U.S.C. § 1681i(a)(2))

81. Plaintiff realleges and reincorporates paragraphs 1-81 above as if fully set out herein.

82. Defendant Trans Union violated 15 U.S.C § 1681i(a)(2) by its conduct which includes, but is not limited to, failing to send to the furnisher all relevant information that it received in Plaintiff's dispute letters.

83. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

84. Defendant Trans Union's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

85. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT FOURTEEN:
### FOURTH CLAIM FOR RELIEF AGAINST TRANS UNION
### (Violation of 15 U.S.C. § 1681i(a)(4))

86. Plaintiff realleges and reincorporates paragraphs 1-86 above as if fully set out herein.

87. Defendant Trans Union violated 15 U.S.C § 1681i(a)(4) by its conduct which includes, but is not limited to, failing to review and consider all relevant information that it received in Plaintiff's communications.

88. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

89. Defendant Trans Union's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

90. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorney's fees from Trans Union in an amount to be determined by the Court pursuant to

15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT FIFTEEN:
## FIFTH CLAIM FOR RELIEF AGAINST TRANS UNION
## (Violation of 15 U.S.C. § 1681i(a)(5))

91. Plaintiff realleges and reincorporates paragraphs 1-91 above as if fully set out herein.

92. Defendant Trans Union violated 15 U.S.C § 1681i(a)(5) by its conduct which includes, but is not limited to, failing to delete any information that was the subject of Plaintiff's disputes and that was inaccurate or could not be verified.

93. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

94. Defendant Trans Union's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

95. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

WHEREFORE, Your Plaintiff demands judgment for compensatory, statutory, and punitive damages against the Defendants; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

15

Respectfully submitted,
**APRIL WILLIGE**

By: *[signature: Matthew J. Erausquin]*
Of Counsel

MATTHEW J. ERAUSQUIN, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel: (703) 273-7770
Fax: (888) 892-3512
matt@clalegal.com